UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **HENRY NJOROGE MUTHIGA** | **CIVIL ACTION NO. 25-2093** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **HERIBERTO TELLEZ** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Henry Njoroge Muthiga,[1] a detainee at Jackson Parish Correctional Center ("JPCC") in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] [doc. # 1]. For reasons that follow, the Court should deny the petition.

**Background**

Petitioner, who was born in Kenya, was taken into immigration custody on February 22, 2025. [doc. #s 1, p. 4; 1-2, p. 1]. He was ordered removed from the United States on June 20, 2025. [doc. # 1, p. 4]. He did not file an appeal with the Board of Immigration Appeals. *Id.*

Petitioner filed this proceeding on December 17, 2025. [doc. # 1, p. 8]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), he first claims that he has been subjected to "long detention" for ten months. *Id.* at 6. He next claims that at his previous detention facility in Jena, Louisiana, he was denied the ability to practice his religion. *Id.* He claims further that at another

---

[1] Petitioner's 'A-Number' is 232-826-014.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

detention facility in which he was previously detained, he received an inadequate amount of food, his food was cold, and the catering was unhygienic.  *Id*.  He claims that at the Jena facility, he was (i) wrongfully classified as a medium-high security risk and (ii) exposed to gangs and assault.  *Id*.  Finally, he claims that he was exposed to gangs and assault at JPCC.  *Id.*

Petitioner seeks immediate release from confinement and a stay of removal.  [doc. # 1, p. 7].

### **Jurisdiction**

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States."  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005).  District courts may not review challenges to final orders of removal.  8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole,"  8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute.  *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of

individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

## Law and Analysis

**I. Overstay in Detention**

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, Petitioner's claim is premature because when he filed this proceeding, he was not detained more than six months following the date his order of removal became final. As above, he was ordered removed from the United States on June 20, 2025. Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by

the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[3] Further, an alien ordered removed has thirty days to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b).  Here, Petitioner did not file an appeal with the Board of Immigration Appeals.  Thus, his order of removal became final thirty days after he was ordered removed, or on July 20, 2025.

Petitioner filed this proceeding on December 17, 2025, less than six months after his order of removal became final (six months after July 20, 2025, is January 20, 2026).  *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

## II. Conditions of Confinement, Practicing Religion, Wrongful Classification, and Failure to Protect

Petitioner raises claims concerning: (i) his conditions of confinement at his present detention facility and at a prior detention facility; (ii) his inability to practice religion at a facility in which he no longer incarcerated; (iii) his security classification at his present facility and at a prior facility; and (iv) his exposure to gangs and assault at JPCC and at a prior facility.

---

[3] *See also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[4]

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.

Likewise, Petitioner's claims that he was not protected from gangs and assault, that he was unable to practice his religion, and that he received an erroneous security classification are

---

[4] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

not cognizable in this habeas action. *See Gresham v. Chandler*, 51 F. App'x 484 (5th Cir. 2002) ("Gresham's claim that prison officials failed to protect him from another inmate is not cognizable under 28 U.S.C. § 2241."); *Sandlain v. Jones*, 2018 WL 5075261, at *1 (W.D. La. Sept. 12, 2018), *report and recommendation adopted,* 2018 WL 5075243 (W.D. La. Oct. 17, 2018) ("Sandlain challenges his custody classification by the BOP, which has no impact on the fact or duration of Sandlain's imprisonment. Therefore, the Court lacks jurisdiction under § 2241."); *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (observing that a claim concerning inability to practice religion did not relate to the fact or duration of the prisoner's confinement); *Robinson v. Young*, 2009 WL 3055316, at *2 (W.D. La. Sept. 21, 2009) (finding that a petitioner's claim concerning his inability to practice his religion was not cognizable in a habeas corpus action).

Here, these claims are manifestly unrelated to the cause of Petitioner's detention. The Court should dismiss them.[5]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that to the extent Petitioner Henry Njoroge Muthiga seeks release under *Zadvydas*, his Petition be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

**IT IS FURTHER RECOMMENDED** that Petitioner's claims concerning his conditions

---

[5] If Petitioner desires to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be cognizant that to file a separate civil rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be cognizant that he must exhaust available administrative remedies before pursuing relief here for his claims concerning conditions of confinement, security classification, exposure to gangs and assault, and inability to practice his religion.

of confinement, inability to practice his religion, security classification, and exposure to gangs and assault be **DISMISSED WITH PREJUDICE** here but **WITHOUT PREJUDICE** to his right to raise them in a separate civil rights action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 5th day of January, 2026.

                                                                                    _____
                                                                                    Kayla Dye McClusky
                                                                                    United States Magistrate Judge